IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-00243-MSK-BNB

ROBERTA FOLKS, on behalf of herself and all others similarly situated,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on **Plaintiff's Motion for Class Certification** [Doc. # 169, filed

3/8/2011] (the "Motion for Class Certification").  I respectfully RECOMMEND that it be

DENIED.

### I.  BACKGROUND[1]

In 1973, the Colorado legislature enacted the Colorado Auto Accident Reparations Act

(the "No Fault Act") which governed the sale of automobile insurance in the state.[2]  The purpose

of the No Fault Act was to avoid inadequate compensation to victims of automobile accidents.

Under the No Fault Act, automobile insurance policies were required to include a basic level of

personal injury protection ("PIP").  The basic level included: (a) $25,000 per individual, $50,000

per accident for legal liability coverage and $15,000 for property damage, exclusive of interest

---

[1]Much of the background information is taken from Folks v. State Farm Mutual Ins. Co.,
299 Fed. Appx. 748 (10th Cir. 2008).

[2]The No Fault Act was repealed on July 1, 2003.

and costs; (b) $50,000 for medical services per person for any one accident regardless of fault if performed with five years of the accident; (c) $50,000 for rehabilitative services per person for any one accident regardless of fault if performed within ten years of the accident; (d) reimbursement for up to $400 of gross income per week plus expenses up to $25 a day for 52 weeks; and (e) $1,000 in death benefits.  These basic levels applied to (1) the named insured, (2) resident relatives of the named insured, (3) passengers occupying the insured's vehicle with the consent of the insured, and (4) pedestrians who are injured by the covered vehicle.

The No Fault Act also required insurance companies to offer their insureds optional enhanced PIP benefits in exchange for higher premiums, as follows:

> Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706, at the option of the named insured:
>
> (I) Compensation of all [medical expenses] without dollar or time limitations; or
>
> (II) Compensation of all [medical expenses] without dollar or time limitations and payments of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.

Section 10-4-710(2)(a), C.R.S. (2003).  Enhanced PIP coverage could be capped at an aggregate limit of $200,000 for any one person as a result of any one accident.  Section 10-4-710(2)(b), C.R.S.

The No Fault Act also required insurance companies to provide to their insureds written explanations of available coverage options:

> An insurer issuing policies providing coverages as set forth in this section shall provide written explanations of all available coverages prior to issuing any policy to an insured.  After a named insured selects a policy with desired personal injury protection coverage, an insurer shall not be under any further obligation to notify such policyholder in any renewal or replacement policy of the availability of a reduced personal injury protection policy or of any alternative personal injury protection coverage.

Section 10-4-706(4)(a), C.R.S. (2001).

According to State Farm, "[b]efore 1998, the Colorado insurance industry operated under the assumption that the enhanced PIP benefits, if purchased by the policyholder, were not required to be payable to the fourth class of individuals--i.e., pedestrians, who were almost always strangers to the policyholder and to the insurance contract."  Response [Doc. # 174] at p. 3.

On January 8, 1998, the Colorado Court of Appeals in Brennan v. Farmers Alliance Mutual Ins. Co., 961 P.2d 550 (Colo. App. 1998), held that enhanced PIP coverage extended to pedestrians.  Id. at 554.  In addition:

> [W]hen, as here, an insurer fails to offer the insured optional coverage that satisfies the No-Fault Act, additional coverage in conformity with the offer mandated by statute will be incorporated into the policy.  Thus, the trial court's judicial reformation of the policy to reflect coverage [of an injured pedestrian] was correct.

Id.  Brennan was made final on August 24, 1998, when the Colorado Supreme Court denied certiorari review.  In Clark v. State Farm Mutual Ins. Co., 319 F.3d 1234, 1241-42 (10th Cir. 2003) ("Clark I"), the Tenth Circuit Court of Appeals held that Brennan applied retroactively to include accidents occurring prior to the date of the opinion.

Roberta Folks, a pedestrian, was injured on April 4, 1998, when she was struck by a vehicle driven by Charles McCune, a State Farm insured.  McCune's insurance policy, which was issued prior to <u>Brennan</u>, did not include enhanced PIP benefits for pedestrians.  On April 9, 1998, State Farm sent Ms. Folks a letter informing her that she would receive basic PIP benefits, and not enhanced benefits, under the McCune policy.  On April 26, 2000, State Farm advised Ms. Folks that she had reached the medical benefits limit of $50,000 and gave her the option of rolling over her rehabilitative benefits ($50,000) into her medical benefits.  Ms. Folks elected to rollover her benefits.  On July 11, 2002, State Farm advised Ms. Folks that she had reached the $100,000 limit on combined medical and rehabilitative benefits and that it would no longer pay for her PIP-related medical expenses.

This action was commenced on January 9, 2004, when Kim Nguyen filed a complaint against State Farm in Colorado state court alleging claims for breach of insurance contract and bad faith.[3]  The original complaint did not assert any class action claims.  A month later, State Farm removed the case to this court.  In May 2004, Nguyen was allowed to file an amended complaint adding Ms. Folks as a plaintiff and asserting class action claims for declaratory relief/reformation, breach of contract/failure to pay PIP benefits, violation of the No Fault Act, statutory willful and wanton breach of contract, and breach of the duty of good faith and fair dealing.

Ms. Folks filed her initial Motion for Class Certification [Doc. # 144] (the "First Motion for Class Certification") on June 17, 2009.  The district judge held a final pretrial conference on

---

[3]Summary judgment was granted dismissing all of Nguyen's claims, and that ruling was affirmed by the circuit court on appeal.  <u>Folks</u>, 299 Fed. Appx. at 753, 758.

October 20, 2009, where the First Motion for Class Certification was denied without prejudice.

The district judge first held that Ms. Folks may represent a class composed only of pedestrians,

and not of "insureds" as she requested.  Reporter's Transcript of Proceedings on 10/20/2009

[Doc. # 163] ("Trans.") at p. 12 line 2 through p. 14 line 17.  In addition, the district judge ruled:

> Now, given this limitation, the issues presented in this case are
> either identical or substantially identical to those in Clark [v. State
> Farm Mutual Automobile Ins. Co., Case No. 00-cv-01841-LTB (D.
> Colo.)].  And as counsel both agree, the determination by the
> Tenth Circuit with regard to certification in the Clark case will be
> at a minimum instructive as to whether any class can be certified
> here.  If the Tenth Circuit were to affirm Judge Babcock's
> determination in Clark [denying class certification], it is unlikely
> that a class could be certified here.  If the Tenth Circuit were to
> reverse Judge Babcock's determination in Clark, plaintiff here, by
> admission, would fall within the description of the class in Clark
> and there would be little reason for this case to continue.
>
> Under these circumstances, the Court denies the [First Motion for
> Class Certification] at Docket No. 144, subject to being reasserted
> if appropriate after the determination in Clark.

Trans. [Doc. # 163] at p. 14 line 18 through p. 15 line 7.

The circuit court issued its decision in the Clark case on December 29, 2009.  Clark v.

State Farm Mutual Automobile Ins. Co., 590 F.3d 1134 (10th Cir. 2009) ("Clark V").  However,

the circuit court did not reach the merits of Judge Babcock's denial of class certification, finding

instead that the named plaintiff's claim had been fully adjudicated and the judgment satisfied

before he moved for class certification.  The circuit court affirmed that portion of Judge

Babcock's order dismissing the case as moot.  Id. at 1141 (holding that "a suit brought as a class

action must be dismissed for mootness when the personal claims of the named plaintiffs are

satisfied and no class has been properly certified.  Because we decide this case on mootness

grounds, we do not address the district court's decision to deny class certification") (internal

quotation and citation omitted).

Because the circuit court did not reach the merits of the class certification issue in

Clark V, Ms. Folk renewed her motion here for class certification.

## II.  ANALYSIS

In American Pipe and Const. Co. v. Utah, 414 U.S. 538, 553 (1974), the Supreme Court

announced the doctrine of tolling by class filing, holding that "at least where class action status

has been denied solely because of failure to demonstrate that 'the class is so numerous that

joinder of all members is impracticable,' the commencement of the original class suit tolls the

running of the statute [of limitation] for all purported members of the class who make timely

motions to intervene after the court has found the suit inappropriate for class action status."

Justice Blackmun warned in his concurring opinion, however, that the decision "must not be

regarded as encouragement to lawyers in a case of this kind to frame their pleadings as a class

action, intentionally, to attract and save members of the purported class who have slept on their

rights."  Id. at 561 (Blackmun, J., concurring).

The American Pipe rule of tolling by class filing was extended in Crown, Cork & Seal

Co., Inc. v. Parker, 462 U.S. 345, 350 (1983), which held that the pendency of class claims also

tolls the statute of limitation for asserted class members who file individual suits, and not just

those who intervene.  Justice Powell, in his concurring opinion, again warned that "[t]he tolling

rule of American Pipe is a generous one, inviting abuse."  Id. at 354 (Powell, J., concurring).

The boundaries of American Pipe tolling were reached in Korwek v. Hunt, 827 F.2d 874

(2d Cir. 1987).  In that case, the court framed the issue as follows:

> [W]hether the tolling rule established by the Supreme Court in its
> seminal decision, American Pipe . . ., applies to permit the filing

by putative class members of a subsequent *class* action nearly
identical in scope to the original class action which was denied
certification.

Id. at 876 (original emphasis).  The court answered the question in the negative, holding:

> [W]e find the oft-repeated refrain which echoes through these
> cases compelling: the tolling rule established by American Pipe,
> and expanded upon by Crown, Cork, was not intended to be
> applied to suspend the running of statutes of limitations for class
> action suits filed after a definitive determination of class
> certification; such an application of the rule would be inimical to
> the purposes behind statutes of limitations and the class action
> procedure.
>
> American Pipe and Crown, Cork represent a careful balancing of
> the interests of plaintiffs, defendants, and the court system.
> Flexibility, notice, and efficiency are the watchwords of these
> opinions.  We are confronted herein with a case which tests the
> outer limits of the American Pipe doctrine and which falls beyond
> its carefully crafted parameters into the range of abusive options.
> Appellants filed a complaint alleging class claims identical
> theoretically and temporally to those raised in a previously filed
> class action suit which was denied class certification mainly
> because of overwhelming manageability difficulties.  Appellants
> ignored the district court's express finding that the original action
> was unwieldy, first when attempting to intervene and expand the
> limited Gordon class, and again when filing, what was essentially a
> duplicate of the original complaint.  The Supreme Court in
> American Pipe and Crown, Cork certainly did not intend to afford
> plaintiffs the opportunity to argue and reargue the question of class
> certification by filing new but repetitive complaints.

Id. at 879.

Myriad courts have subsequently concurred, including a judge of this court in Reed v.

State Farm Mutual Automobile Ins. Co., 2008 WL 2475130 at *2 (D. Colo. June 17, 2008), rev'd

on other grounds, 324 Fed. Appx. 717 (2009):

> In general, the commencement of a class action suspends the
> applicable statute of limitations as to all asserted members of the
> class who would have been parties had the suit been permitted to

7

> continue as a class action.  This rule permits class members to file
> individual lawsuits, either separately or as intervenors in the
> putative class action, after class certification is denied.  It does not,
> however, allow the filing of a subsequent class action when
> certification of a class has been denied in an earlier suit.  The
> federal courts that have considered the issue have unanimously
> agreed that allowing tolling as to the class claims would undermine
> the policy considerations of the American Pipe rule and would
> invite abuse of the judicial process.

Accord McKowan Lowe & Co., Ltd. v. Jasmine, Ltd., 295 F.3d 380, 386 (3d Cir. 2002) (noting

that "successive attempts to certify a previously rejected class would sanction an endless

succession of class filings" and agreeing with the rationale of Korwek and subsequent cases that

reject the applicability of American Pipe tolling to successive class actions); Basch v. The

Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998) (holding that "[p]laintiffs may not stack one

class action on top of another and continue to toll the statute of limitations indefinitely.

Permitting such tactics would allow lawyers to file successive putative class actions with the

hope of attracting more potential plaintiffs and perpetually tolling the statute of limitations as to

all such potential litigants, regardless of how many times a court declines to certify the class");

Griffin v. Singletary, 17 F.3d 356, 359 (11th Cir. 1994) (holding that "plaintiffs may not

piggyback one class action onto another and thereby engage in endless rounds of litigation in the

district court . . . over the adequacy of successive named plaintiffs to serve as class

representatives" and noting that "[t]he piggyback rule for individual claims is different from that

for class actions")(internal quotation and citation omitted); Andrews v. Orr, 851 F.2d 146, 149

(6th Cir. 1988) (noting that "[t]he courts of appeals that have dealt with the issue appear to be in

unanimous agreement that the pendency of a previously filed class action does not toll the

limitations period for additional class actions by putative members of the original asserted

class"); and Robbin v. Fluor Corp., 835 F.2d 213, 214 (1987) (agreeing with Korwek that "to extend tolling to class actions tests the outer limits of the American Pipe doctrine and falls beyond its carefully crafted parameters into the range of abusive options")(internal quotation and citation omitted).

The claims asserted in this action are subject to the three year statute of limitation contained in section 13-80-101(1)(j), C.R.S.  Folks, 299 F. Appx. at 754.  State Farm argues, and Ms. Folks does not dispute, that "[t]he claims of all members of Folks' proposed class accrued no later than November 30, 1998, when State Farm amended its policy to remove the Pedestrian Limitation."  Response [Doc. # 174] at p. 14.[4]  The class claims were not asserted in this case until May 14, 2004.  Amended Class Action Complaint [Doc. # 17, filed 5/14/2004].  Consequently, the claims asserted became time barred on or before December 1, 2001, unless they were tolled.[5]

There is no dispute that the class claims asserted here by Ms. Folks are substantially the same as the class claims which Judge Babcock refused to certify in Clark.[6]  See Trans. [Doc. #

---

[4]Ms. Folks concedes in her Reply [Doc. # 178] that the class claims are viable only if the limitations period was tolled by the pending class action claims asserted in Clark, Case No. 00-cv-01841-LTB (D. Colo.).  Reply [Doc. # 178] at p. 2 (arguing that "[t]he claims of all individual members were tolled by the pending litigation in Clark, and therefore, no class member's individual claims are stale").

[5]The Clark case was initiated in 2000.  If the class filing in Clark tolls the limitations period for purposes of a subsequent class action, Ms. Folks' class claims are not stale.

[6]The definitions of the classes sought to be certified in the two cases are virtually identical.  In Clark, the proposed class was defined as:

> All pedestrians who received No-Fault benefits under a Colorado
> State Farm automobile insurance policy where the governing
> policy documents at the time of the accident were issued prior to
> January 1, 1999. Excluded from the Class are all State Farm

163] at p. 7 lines 21-25 (plaintiff's counsel acknowledging that "if Judge Babcock's decision

was reversed and a class was certified [in <u>Clark</u>], Ms. Folks would fall within the class

description"); p. 9 lines 9-11 ( plaintiff's counsel acknowledging that this case and <u>Clark</u> are

"[t]wo cases with very similar class, almost identical class definitions"); p. 8 lines 4-13 (district

judge finding that "this case is duplicative of <u>Clark</u> insofar as there is--that pedestrians are the

defined class"); and p. 14 lines 10-17 (district judge limiting the scope of the class in this case to

"pedestrians").        Judge Babcock refused to certify the class action in <u>Clark</u>, finding that the

plaintiff had failed to show that "the number of potential plaintiffs is so high as to make joinder

impracticable," <u>Clark IV</u>, 245 F.R.D. at 483; "[p]laintiff's claims do not meet the typicality

requirement," <u>id</u>. at p. 485; the plaintiff was "nothing more at this point than a curious onlooker"

and could not adequately represent the class, <u>id</u>. (internal quotation and citation omitted);

"money damages are the predominant form of relief sought and Rule 23(b)(2) certification is

---

<blockquote>
executives, their legal counsel, and their immediate family<br>
members, the Court and its staff, and all employees of proposed<br>
Class Counsel.
</blockquote>

<u>Clark v. State Farm Mutual Automobile Ins. Co.</u>, 245 F.R.D. 478, 480 (D. Colo. 2007) ("Clark
IV).

     The definition of the class proposed to be certified in this case is:

<blockquote>
All pedestrian insureds who received No-Fault benefits under a<br>
Colorado State Farm automobile insurance policy where the policy<br>
documents in place at the time of the accident were issued prior to<br>
January 1, 1999, and whose claims accrued on or after August 1,<br>
1997. Excluded from the Class are all State Farm executives, their<br>
legal counsel, and their immediate family members, the Court and<br>
its staff, and all employees of proposed Class Counsel.
</blockquote>

Motion for Class Certification [Doc. # 169] at p. 1.

inappropriate," id. at 487; "common issues do not predominate and this class is inappropriate for 23(b)(3) certification," id. at 488; and "proceeding as a class action is not a superior method of adjudication." Id. at 489.

Applying Korwek and its progeny to this case leads to the conclusion that American Pipe tolling does not apply, and the class claims asserted by Ms. Folks are time barred. First, Ms. Folks' class claims are untimely without the aid of tolling. Second, Ms. Folks class claims are substantially identical to those rejected in Clark IV. Finally, Korwek and its progeny preclude American Pipe tolling from suspending the running of the statute of limitation for class action suits where the earlier class action is definitively rejected based on, for example, a lack of numerosity.

Ms. Folks attempts to distinguish this case from Korwek and its progeny on two grounds. First, she argues that the Tenth Circuit Court of Appeals in State Farm Mutual Automobile Ins. Co. v. Boellstorff, 540 F.3d 1223 (10th Cir. 2008), held that "the claims of all putative members of the class in Clark were tolled by the filing of that action, pursuant to American Pipe. . . ." Reply [Doc. # 178] at p. 2. Ms. Folks reads the Boellstorff opinion too broadly. Contrary to Ms. Folks' argument, the circuit court articulated the issue in Boellstorff as follows:

> American Pipe, Eisen, and Crown all addressed the question of whether a litigant may intervene or file an individual suit *after* the class certification decision. In this case, however, the court must consider an earlier window, the time period running from the moment a class action is filed up to the time when the trial court denies class certification or the plaintiff opts not to continue as a member of the class.

Boellstorff, 540 F.3d at 1230 (original emphasis). The circuit court held that "a plaintiff who chooses to bring *an individual* action while the class action is pending can still claim the benefit

of the American Pipe tolling doctrine." Id. (emphasis added).  Importantly, the court in

Boellstorff did not consider or address the issue of successive attempts to certify a rejected class

action under Korwek and its progeny, as the plaintiff attempts to do here.  Boellstorff concerned

only tolling with respect to individual claims, not piggybacking class claims, and as the court

noted in Griffin, 17 F.3d 359, "the piggyback rule for individual claims is different from that for

class actions."

        Second, Ms. Folks argues that Korwek and its progeny are not applicable because

American Pipe tolling applies to preserve class claims where class certification was denied "due

to a problem with the class representation, as opposed to the unsuitability of the class," citing

Catholic Social Servs., Inc. v. Immigration & Naturalization Serv., 232 F.3d 1139 (9th Cir.

2000), and Yang v. Odom, 392 F.3d 97 (3d Cir. 2004).  Contrary to Ms. Folks' argument, those

cases are readily distinguished.

        In Catholic Social Servs., the prior cases were successfully certified as class actions.

Consequently, the plaintiffs in the subsequent case were not attempting to circumvent a prior

ruling and relitigate the correctness of a denial of class certification.  In finding that tolling was

proper under these circumstances, the court carefully distinguished the rule of Korwek and its

progeny, stating:

> If class action certification had been denied in [the previous
> action], and if plaintiffs in this action were seeking to relitigate the
> correctness of that denial, we would not permit plaintiffs to bring a
> class action.  In Robbin v. Fluor Corp., 835 F.2d 213 (9th Cir.
> 1987), we interpreted American Pipe not to allow tolling when the
> district court in the previous action had denied class certification,
> and when the second action sought to relitigate the issue of class
> certification and thereby to circumvent the earlier denial.

Catholic Social Servs., 232 F.3d at 1147 (citing Korwek).

Similarly, the Third Circuit Court of Appeals stated in <u>Yang</u>:

> We hold that <u>American Pipe</u> tolling applies to the filing of a new class action where certification was denied in the prior suit based on the lead plaintiffs' deficiencies as class representatives, but that <u>American Pipe</u> tolling does not apply where certification was denied based on deficiencies in the purported class itself.

<u>Yang</u>, 392 F.3d 99.

Judge Babcock denied class certification in <u>Clark</u> based on both the inadequacy of Clark as a class representative and deficiencies in the purported class itself.  <u>See</u> <u>Clark IV</u>, 245 F.R.D. at 483-89 (refusing to certify the class action because the plaintiff had failed to show that "the number of potential plaintiffs is so high as to make joinder impracticable"; "[p]laintiff's claims do not meet the typicality requirement"; the plaintiff was "nothing more at this point than a curious onlooker" and could not adequately represent the class; "money damages are the predominant form of relief sought and Rule 23(b)(2) certification is inappropriate"; "common issues do not predominate and this class is inappropriate for 23(b)(3) certification"; and "proceeding as a class action is not a superior method of adjudication").

It is no answer that the circuit court affirmed Judge Babcock's denial based only on the inadequacy of Clark as a class representative.  Judge Babcock definitively determined in <u>Clark IV</u> that these claims are not appropriate to proceed as a class action based on deficiencies in the purported class itself, including a lack of numerosity, and not merely because of the class representative.  To permit tolling here would allow Ms. Folks to circumvent the denial of class certification in <u>Clark IV</u> and encourage relitigation of the correctness of that denial, contrary to the rule in <u>Korwek</u> and its progeny.  <u>See</u> <u>Reed</u>, 2008 WL 2475130 at *2 (denying <u>American Pipe</u> tolling based on the denial of class certification in <u>Clark IV</u>); <u>Basch</u>, 139 F.3d at 7 (denying

13

American Pipe tolling despite no appellate review of order denying class certification; review precluded by the plaintiffs' voluntary dismissal of the action).

### III. CONCLUSION

I find that the purported class claims are barred by the applicable statute of limitation and that the doctrine of tolling by class filing announced in American Pipe is inapplicable due to the previous denial of class certification in Clark IV.  Accordingly,

I respectfully RECOMMEND that the Motion for Class Certification [Doc. # 169] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.   A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 13, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge