**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 04-cv-00243-REB-BNB

ROBERTA FOLKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

## ORDER GRANTING MOTION TO SUBSTITUTE EXPERT TESTIMONY

**Blackburn, J.**

This matter is before me on **State Farm's Emergency Motion to Substitute Expert Testimony And Supplement its Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2) Or, Alternatively, to Continue Jury Trial; And Request for Expedited Briefing** [#221][1] filed September 12, 2012. The plaintiff filed a response [#229], State Farm filed a reply [#233], and the plaintiff filed a rejoinder [#243]. The motion is granted.

State Farm seeks to substitute John Palmeri to testify as an expert witness in place of State Farm's previously designated expert, John Grund. Mr. Grund is hospitalized and will not be able to testify at trial. Trial is set to begin on Monday, September 24, 2012.

---

[1] "[#221]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that when a party fails to make a disclosure required by Rule 26, that party may not use at trial any witness or information not properly disclosed.  However, if the court determines that the failure to disclose was substantially justified or harmless, a party may be permitted to use the witness or information at trial.  Generally, four factors are considered to be relevant to these determinations: 1) the unfair prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness.  ***Woodworker's Supply, Inc. v. Principal Mut. Life Ins.***, 170 F.3d 985, 993 (10th Cir.1999).  I have considered each of these factors carefully.  On balance they weigh in favor of substitution

Given the unexpected unavailability of Mr. Grund, State Farm's effort to substitute Mr. Palmeri is substantially justified.  There is no indication that State Farm has acted in bad faith or willfully in seeking to substitute Mr. Palmeri for Mr. Grund, and there is no indication that use of Mr. Palmeri's testimony will disrupt the trial.  The key issues are whether the plaintiff will suffer unfair prejudice or surprise if the substitution is permitted, and whether the plaintiff can cure any unfair prejudice or surprise.  A copy of Mr. Palmeri's report was provided to the plaintiff yesterday.  In her rejoinder [#243], which was filed today, the plaintiff indicates that she does not oppose the substitution of Mr. Palmeri for Mr. Grund as long as the plaintiff is required to provide to the defendant the information the plaintiff must disclose under FED. R. CIV. P. 26(b)(4)(C).  The plaintiff asks also that State Farm be required to provide the plaintiff with "a log of the dates and times of all telephonic or in-person communications between State Farm staff/counsel

2

and Mr. Palmeri in the last thirty days." *Rejoinder* [#243], p. 1.

Given the circumstances of this case, including the nature of the issues to be addressed by Mr. Palmeri, I conclude that any prejudice the plaintiff may suffer based on the recent substitution of Mr. Palmeri for Mr. Grund can be cured by providing the plaintiff with a copy of Mr. Palmeri's report, which has been done, and by requiring State Farm to disclose to the plaintiff the information which it is required to disclose under FED. R. CIV. P. 26(b)(4)(C). On the current record, however, there is no basis to conclude that a log of communications between State Farm staff/counsel and Mr. Palmeri would alleviate any prejudice that might be suffered by the plaintiff as a result of the substitution.

**THEREFORE, IT IS ORDERED** as follows:

1. That **State Farm's Emergency Motion to Substitute Expert Testimony And Supplement its Expert Disclosures Pursuant to Fed. R. Civ. P. 26(a)(2) Or, Alternatively, to Continue Jury Trial; And Request for Expedited Briefing** [#221] filed September 12, 2012, is **GRANTED** on the terms stated in this order; and

2. That on or before Friday, September 21, 2012, at 3:00 p.m. mountain daylight time, State Farm **SHALL PROVIDE** to counsel for the plaintiff all information which State Farm is required to disclose under FED. R. CIV. P. 26(b)(4)(C) concerning its expert John Palmeri.

Dated September 21, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge