**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 04-cv-00243-REB-BNB

ROBERTA FOLKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

## ORDER DENYING MOTION FOR ORDER DEFINING SCOPE OF CLAIMS

**Blackburn, J.**

This matter is before me on the defendant's **Motion for Order Defining Scope of Claims for Jury Trial** [#230][1] filed September 17, 2012. The plaintiff filed a response [#234]. I deny the motion.

Three claims asserted by the plaintiff, Roberta Folks, remain in this case: (1) breach of contract; (2) statutory willful and wanton breach of contract; and (3) breach of the covenant of good faith and fair dealing. Each of these claims is based on Ms. Folks' contention that the defendant, State Farm Mutual Automobile Insurance Company, failed to pay the plaintiff certain insurance benefits to which Ms. Folks was and is entitled. This case has a long procedural history, which is outlined in State Farm's motion.

---

[1] "[230]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

State Farm seeks to limit the scope of the plaintiff's claims. First, State Farm seeks to exclude any claim for insurance benefits made by the plaintiff after the plaintiff joined this civil action as a plaintiff on March 15, 2004. Claims for benefits made after March 15, 2004, State Farm asserts, do not present controversies ripe for adjudication in this case. This is true, according to State Farm, because State Farm's obligation to provide coverage is not triggered until Folks provides State Farm with information demonstrating the details of the injury, treatment, and other information to determine the amount payable. With regard to any particular claim for benefits, State Farm notes, a breach of State Farm's contractual duty to pay that claim cannot occur until this information has been provided to State Farm. When she joined this lawsuit, Ms. Folks alleged that State Farm had breached its obligation to provide coverage prior to March 15, 2004. In State Farm's view, breaches that allegedly occurred after the operative complaint were filed should be handled as separate claims not covered by the operative complaint in this case, which alleges only breaches prior to March 15, 2004.

Ms. Folks' claims for breach of contract, willful and wanton breach of contract, and breach of the covenant of good faith and fair dealing all are based on her allegation that State Farm failed to provide Ms. Folks with extended PIP benefits, as required by the relevant insurance policy and Colorado law. When Ms. Folks alleged this breach, State Farm readily could anticipate that damages caused by the breach would continue to accrue even after the date on which Ms. Folks joined this case as a plaintiff. There is no reason to limit Ms. Folks' claim for damages to damages allegedly suffered prior to the time she joined this case as a plaintiff.

Second, and in the alternative, State Farm seeks to exclude any claim for

insurance benefits made by Ms. Folks after the close of discovery in this case on November 11, 2004.  State Farm argues it has not had an opportunity to conduct discovery on damages allegedly suffered by Ms. Folks after that date.  Again, when Ms. Folks alleged that State Farm breached its obligations under the insurance policy, State Farm readily could anticipate that damages caused by the breach would continue to accrue.  There is no indication that State Farm sought to conduct discovery to assess such damages after November 11, 2004, including after the remand of this case by the United States Court of Appeals for the Tenth Circuit.  Further, under FED. R. CIV. P. 26(a)(3), Ms. Folks is obligated to disclose to State Farm the evidence on which she intends to rely at trial, including evidence to demonstrate her damages.  In these circumstances, there is no danger that State Farm will be subjected to trial by ambush concerning damages allegedly suffered by Ms. Folks after November 11, 2004.  Thus, there is no reason to cabin Ms. Folks' claim for damages to damages allegedly suffered prior November 11, 2004.

**THEREFORE, IT IS ORDERED** that the defendant's **Motion for Order Defining Scope of Claims for Jury Trial** [#230] filed September 17, 2012, is **DENIED**.

Dated September 21, 2012, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge