**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 04-cv-00243-REB-BNB

ROBERTA FOLKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

---

**FINAL JUDGMENT**

---

Pursuant to Fed. R. Civ. P. 58(a), and the orders entered during the pendency of this case, the following **FINAL JUDGMENT** is entered.

A. Pursuant to the **Second Amended Findings of Fact & Conclusions of Law and Order of Reformation** [#225] filed September 14, 2012, which order is incorporated by reference,

**IT IS ORDERED** as follows:

1. That plaintiff Roberta Folks' claim for reformation of the State Farm policy is **RESOLVED** by the court's reformation of the State Farm policy as provided in the following orders;

2. That the State Farm policy under which Ms. Folks is entitled to benefits is **REFORMED** to provide APIP benefits as of July 11, 2002;

3. That the State Farm policy is **REFORMED** to include the permissible cap on APIP benefits of $200,000.

B.  This case was tried before a jury of nine, duly sworn, commencing on September 24, 2012 and completed on September 28, 2012.  Pursuant to the verdict of the jury [#**261**] filed September 28, 2012, and the order entered by Judge Robert E. Blackburn in open court on September 28, 2012, which verdict and order are incorporated by reference,

**IT IS ORDERED** as follows:

1.  Do you find that the plaintiff, Roberta Folks, proved by a preponderance of the evidence all of the elements of her claim for breach of contract, as set forth in Instruction No. 12?

   __**X**__Yes          ____No

2.  What amount of actual damages, if any, as defined in Instruction No. 19, do you find by a preponderance of the evidence were caused by the defendant's breach of contract?

   $ **40,000**

3.  If you find that the plaintiff did not suffer any actual damages, then you must award her nominal damages in an amount of not more than one dollar.

   $ **0**

4.  Do you find that the plaintiff, Roberta Folks, proved by a preponderance of the evidence all of the elements of her claim for bad faith breach of insurance contract (statutory), as set forth in Instruction No. 13?

   __**X**__Yes          ____No

5. What amount of damages, if any, as defined in Instruction No. 20, do you find by a preponderance of the evidence were caused by the defendant's bad faith breach of insurance contract (statutory)?

$ **96,000**

6. Do you find that the defendant, State Farm, proved by a preponderance of the evidence its affirmative defense of failure to mitigate damages, as defined in Instruction No. 27?

___Yes          __**X**__No

7. If your answer to question no. 6 was yes, what amount of damages do you find were caused by the plaintiff's failure to mitigate her damages?

$ **0**

8. Do you find that the plaintiff, Roberta Folks, proved by a preponderance of the evidence all of the elements of her claim for bad faith breach of insurance contract (common law), as set forth in Instruction No. 14?

__**X**__Yes          ___No

9. What amount of economic damages, if any, as defined in Instruct No. 21, do you find by a preponderance of the evidence were caused by the defendant's bad faith breach of insurance contract (common law)?

$ **0**

10. What amount of non-economic damages, if any, as defined in Instruct No. 22, do you find by clear and convincing evidence, as defined in Instruction No. 22, were caused by the defendant's bad faith breach of insurance contract (common law)?

$ **0**

11. Do you find that the defendant, State Farm, proved by a preponderance of the evidence its affirmative defense of failure to mitigate damages, as defined in Instruction No. 27?

3

_____Yes                              __**X**__No

12. If your answer to question no. 11 was yes, what amount of damages do you find were caused by the plaintiff's failure to mitigate her damages?

$ **0**

13. If you found in favor of the plaintiff on her claim for bad faith breach of insurance contract (common law), do you find that the plaintiff is entitled to punitive damages, as provided in Instruction No. 23?

__**X**__Yes                         _____No

14. If your answer to question no. 13 was yes, what amount of punitive damages do you find should be awarded to the plaintiff?

$ **250,000**

C.  On further determination of the court, however, and pursuant to C.R.S. § 13-21-102(1)(a), exemplary damages as awarded in interrogatory no. 14, by remittitur shall be reduced to $ **0**.

DATED at Denver, Colorado, this  **30th**  day of September, 2012.

FOR THE COURT:

JEFFREY P. COLWELL, CLERK

By: s/ Edward P. Butler
    Edward P. Butler
    Deputy Clerk

APPROVED BY THE COURT:

s/ Robert E. Blackburn
   Robert E. Blackburn
   U.S. District Judge

4