**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 04-cv-00243-REB-BNB

ROBERTA FOLKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

**ORDER CONCERNING MOTIONS TO ALTER OR AMEND JUDGMENT
AND
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

**Blackburn, J.**

This matter is before me on (1) **Plaintiff's Motion To Alter or Amend Final Judgment [Doc #262] under F.R.C.P. 59(e)** [#264][1] filed October 15, 2012; and (2) **State Farm's Renewed Motion for Judgment as a Matter of Law; and Alternative Motion To Alter or Amend the Judgment** [#266] filed October 26, 2012.  The parties filed responses [#268 & #273] and replies [#276 & #277] addressing both motions.  I grant Ms. Folks' motion in part and deny it in part.  I grant State Farm's motion in part and deny it in part.

This case was tried to a jury in September 2012, and the jury reached a verdict on September 28, 2012.  Based on the verdict [#261], I entered judgment [#262] on

---

[1] "[#264]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

September 30, 2012. In their motions, both parties seek amendment of the judgment. In addition, the defendant, State Farm Mutual Automobile Insurance Company, renews its Rule 50(a) motion for judgment as a matter of law on all of the plaintiff's claims.

## I. MOTION FOR JUDGMENT AS A MATTER OF LAW

Under FED. R. CIV. P. 50(a), the court may grant a motion for judgment as a matter of law if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis" to find for the plaintiff on her claims. Under Rule 50(b), a party may file a renewed motion for judgment as a matter of law after a jury verdict. A renewed motion for judgment as a matter of law post-verdict is determined under the same standards that govern resolution of a post-evidentiary motion for judgment as a matter of law under Fed. R. Civ. P. 50(a). The "standard for granting summary judgment mirrors the standard for judgment as a matter law, such that 'the inquiry under each is the same.'" **Reeves v. Sanderson Plumbing Products, Inc**., 530 U.S. 133, 150 (2000) (quoting **Anderson v. Liberty Lobby, Inc**., 477 U.S. 242, 250-251 (1986)).

Motions under this rule "should be cautiously and sparingly granted." **Lucas v. Dover Corp.**, 857 F.2d 1397, 1400 (10th Cir. 1988) (citations omitted). "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." **Reeves**, 120 S.Ct. at 2110. I cannot pass judgment on the credibility of witnesses or substitute my judgment for that of the jury. **Id.**; **see also Hinds v. General Motors Corp.**, 988 F.2d 1039, 1045 (10th Cir. 1993).

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving

2

> party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses."

**Reeves**, 120 S.Ct. at 2110 (quoting 9A C. Wright & A. Miller, **Federal Practice and Procedure** § 2529 at 300 (2nd ed. 1995)). Judgment as a matter of law is appropriate "only where the proof is all one way or so overwhelmingly preponderant in favor of the movant so as to permit no other rational conclusion." **Hinds**, 988 F.2d at 1045.

Having considered all relevant evidence, both direct and circumstantial, and having applied the foregoing principles and standards of analysis to the existing evidentiary record, I conclude that State Farm is not entitled to judgment as a matter of law. None of the evidence is incredible as a matter of law, and there was a legally sufficient evidentiary basis for a reasonable jury to find in favor of the plaintiff on each essential element of her claims. Thus, State Farm's motion for judgment as a matter of law is denied.

## II. MOTIONS TO ALTER OR AMEND FINAL JUDGMENT

Under FED. R. CIV. P. 59(e), a court may alter or amend a judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

**Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

### A. Statutory Bad Faith & Treble Damages

At trial, Ms. Folks asserted a claim for breach of insurance contract. The jury found in favor of Ms. Folks on this claim and awarded her 40,000 dollars in actual damages. In addition, Ms. Folks asserted a claim of bad faith breach of insurance

3

contract under §10-4-708(1.8), C.R.S. (2002) (Repealed by Laws 1997, H.B.97-1209, § 8, eff. July 1, 2003).[2] Section 10-4-708(1) (2002) provides that an insured may bring an action in contract to recover insurance benefits which an insurer has not paid when due. Section 10-4-708(1.8), C.R.S. (2002) provides:

> The insurer shall pay interest to the insured on the benefits recovered at a rate of Eighteen percent per annum, with interest commencing from the date the benefits recovered were due. In addition, in the event of willful and wanton failure of the insurer to pay such benefits when due, the insurer shall pay to the insured, in addition to any other amounts due to the insured under this subsection (1.8), an amount which is three times the amount of unpaid benefits recovered in the proceeding.

In the Verdict Form [#261], the jury found that Ms. Folks had proven by a preponderance of the evidence that State Farm acted willfully and wantonly when it delayed or denied payment of insurance benefits to Ms. Folks. *Verdict Form* [#261], question 4; Instruction No. 13 [#263-1]. The Verdict Form then asked the jury to determine what amount of damages, if any, was caused by State Farm's bad faith breach of insurance contract. *Id.*, question 5. The jury answered 96,000 dollars in damages. *Id.*

In its motion to alter or amend the judgment, State Farm argues that a finding of willful and wanton conduct by State Farm does not support a determination by the jury of a separate amount of damages caused by the willful and wanton conduct. Applying §10-4-708(1.8), C.R.S. (2002), I agree. Rather, §10-4-708(1.8), C.R.S. (2002), requires an award of an amount three times the amount of unpaid benefits recovered in Ms. Folks' breach of contract claim. Under §10-4-708(1.8), C.R.S. (2002), it was not appropriate for the court to ask the jury to determine a separate amount of damages

---

[2] In subsequent citations of this statute, I omit the information concerning its repeal.

4

caused by a willful and wanton failure to pay insurance benefits to Ms. Folks. That query in the verdict form, and the jury's award of 96,000 dollars in damages on this claim, constitute clear error. The judgment must be amended to remove the award of 96,000 dollars in damages based on the jury's finding that State Farm's failure to pay benefits was willful and wanton.

Given the jury's finding that State Farm acted willfully and wantonly when it delayed or denied payment of insurance benefits to Ms. Folks, §10-4-708(1.8), C.R.S. (2002) requires an award to Ms. Folks of "an amount which is three times the amount of unpaid benefits recovered" in this case. Subsection (1.8) does not state explicitly whether the trebled amount is an award in addition to the amount of unpaid benefits, or if the insured is entitled only to a total award of three times the amount of unpaid benefits. Applying §10-4-708 as a whole, I conclude that Ms. Folks is entitled to a total award of three times the amount of unpaid benefits found by the jury.

Subsection (1) of the statute provides for the recovery of benefits due to an insured but unpaid by the insurer. Subsection (1.8) provides for treble damages when the insurer's failure to pay benefits is willful and wanton. Had the legislature intended for the award of treble damages under subsection (1.8) to be in addition to the underlying award of unpaid benefits, resulting in a total award of quadruple damages, the legislature easily could have specified that the treble damages award is in addition to the underlying award of benefits. No such language is contained in subsection (1.8). Rather, subsection (1.8) simply provides for treble damages when an insurer's failure to pay benefits is willful and wanton.

When a legislative body could have provided a specific provision in a statute but did not, generally it is improper to add such a provision under the guise of statutory

5

interpretation. ***Smith v. Myron Stratton Home***, 676 P.2d 1196, 1200 (Colo. 1984) (legislature could have excluded from notice requirement injuries resulting in no lost wages, but it did not.  Court will not do so under the guise of statutory construction.).  In subsection (1.8), the Colorado legislature did not provide for an award of treble damages over and above the predicate underlying award of damages in the form of unpaid insurance benefits under subsection (1).  Absent specific language in the statute, it is not proper for this court to provide a total net award of quadruple damages when the statue provides only for treble damages.[3]

The jury found that Ms. Folks was entitled to an award of 40,000 dollars in damages based on State Farm's breach of its insurance contract.  This is an award of unpaid benefits under subsection (1).  Under subsection (1.8), that damages award must be trebled because the jury found that State Farm's failure to pay was willful and wanton.  Thus, I conclude that Ms. Folks is entitled to a total award of 120,000 dollars on her claims under §10-4-708(1) (breach of insurance contract) and (1.8) (bad faith breach of insurance contract), C.R.S. (2002).  The judgment in this case must be amended to provide for this award.  To that extent, Ms. Folks' motion for an award of treble damages under §10-4-708(1.8) is granted.

### B.  Pre-Judgment Interest

Ms. Folks seeks an award of pre-judgment interest under subsection (1.8).  Under that subsection, State Farm is required to "pay interest to the insured on the

---

[3] The Colorado Court of Appeals addressed this question in ***Tait ex rel. Tait v. Hartford Underwriters Ins. Co.***, 49 P.3d 337 (Colo. Ct. App. 2001), and held that subsection (1.8) provides only for a total award of three times the amount of unpaid benefits.  The ***Tait*** court reasoned that the phrase "'in addition to any other amounts due' mandates that the original amount of unpaid benefits ('other amounts due') is necessarily included in the amount trebled" under subsection (1.8).  ***Id***. at 342.  I do not agree with the reading of subsection (1.8) adopted by the ***Tait*** court, but I do agree with the ultimate result reached by the ***Tait*** court.

benefits recovered at the rate of eighteen percent per annum, with interest commencing from the date the benefits recovered were due." Under the language of subsection (1.8), this interest rate is applicable to "the benefits recovered" and not to the statutory penalty imposed under subsection (1.8). In this case, "the benefits recovered" is the award of 40,000 dollars to Ms. Folks on her breach of contract claim.

The parties dispute the date on which the benefits awarded became due. The insurance contract at issue in this case was reformed to provide additional benefits to Ms. Folks effective July 11, 2002. *Order* [#225], filed September 14, 2012. Under Colorado law, State Farm was obligated to pay benefits within 30 days after Ms. Folks demonstrated an entitlement to benefits. According to Ms. Folks, the benefits she was awarded by the jury became due 30 days after she submitted a small bill from Dr. Centeno on June 16, 2002. State Farm failed to pay the Dr. Centeno bill, contending Ms. Folks had exhausted her benefits under the State Farm policy. Ms. Folks argues that Farm's Breach began when State Farm failed to pay this bill. She contends that interest should accrue from July 11, 2002, to the date of judgment.

State Farm notes that Ms. Folks did not submit further medical bills to State Farm until May 13, 2009. Assuming these bills demonstrated an entitlement to benefits, payment of benefits was due 30 days later, on June 12, 2009. State Farm contends that it cannot be seen as obligated to pay benefits until Ms. Folks submitted documentation establishing her entitlement to benefits. According to State Farm, the benefits recovered by Ms. Folks in this case were due, at best, beginning June 12, 2009.

I agree with State Farm's position. Although Ms. Folks incurred medical bills related to the accident over a long span of years, Ms. Folks did not establish her

7

entitlement to the benefits awarded in this case until she submitted bills to State Farm on May 13, 2009. That submission is the event that triggered State Farm's obligation to pay benefits, and those benefits first were due on June 12, 2009. The jury concluded that State Farm breached its insurance contract by failing to pay 40,000 dollars in benefits to Ms. Folks. Pre-judgment interest on that amount accrues from June 12, 2009, the date the benefits were due. I agree also with State Farm's calculation of pre-judgment interest due under subsection (1.8). *Response* [#268], pp. 6 - 7. Ms. Folks is entitled to an award of pre-judgment interest in the amount of 23,769.86 dollars. Ms. Folks' motion to amend the judgment is granted to include this award of pre-judgment interest.

### C.  Post-Judgment Interest

Under Colorado law, Ms. Folks is entitled to post-judgment interest at the rate of eight percent per annum, compounded annually. §5-12-102, C.R.S. Post-judgment interest began to accrue on October 1, 2012, the date after the original judgment [#262] entered in this case. State Farm agrees that Ms. Folks is entitled to post-judgment interest if any award of damages to Ms. Folks stands. Ms. Folks' motion to amend the judgment is granted to include an award of post-judgment interest at eight percent per annum, compounded annually, accruing from October 1, 2012, until the judgment is paid.

### D.  Costs

Inadvertently, an award of costs was omitted from the original judgment [#262]. Under FED. R. CIV. P. 54(d)(1), "costs - other than attorney's fees - should be allowed to the prevailing party." Under D.C.COLO.LCivR 54.1, "(e)ach judgment or final order shall indicate which party or parties are entitled to costs." The amended judgment in

this case must include a provision awarding costs to the prevailing party, Roberta Folks.

## IV.  CONCLUSION & ORDERS

At the conclusion of the trial in this case, there was a legally sufficient evidentiary basis for a reasonable jury to find in favor of Ms. Folks on each essential element of her claims.  Therefore, State Farm's motion for judgment as a matter of law is denied.

Under §10-4-708(1.8), C.R.S. (2002), it was not appropriate for the court to ask the jury to determine a separate amount of damages caused by a willful and wanton failure to pay insurance benefits to Ms. Folks.  That query in the verdict form, and the jury's award of 96,000 dollars in damages on this claim, constitute clear error.  The judgment must be amended to excise the award of 96,000 dollars in damages based on the jury's finding that State Farm's failure to pay benefits was willful and wanton.

Under §10-4-708(1.8), C.R.S. (2002), Ms. Folks is entitled to a total award of three times the amount of unpaid benefits found by the jury.  On Ms. Folks breach of contract claim, the jury found that Ms. Folks is entitled to an award of 40,000 dollars in unpaid insurance benefits.  Under subsection (1.8), that damages award must be trebled because the jury found that State Farm's failure to pay was willful and wanton.  The judgment must be amended to include an additional award of 80,000 dollars under §10-4-708(1.8) (2002).  This additional award combined with the award of 40,000 dollars in unpaid insurance benefits satisfies the statutory requirement that Ms. Folks be awarded treble damages.

Under §10-4-708(1.8) (2002), Ms. Folks is entitled to an award of pre-judgment interest in the amount of 23,769.86 dollars.  In addition, Ms. Folks is entitled to an award of post-judgment interest at the rate of eight percent per annum, compounded annually, accruing from October 1, 2012, until the judgment is paid.  Finally, Ms. Folks is entitled

to an award of costs under FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

**THEREFORE, IT IS ORDERED** as follows:

1. That FED. R. CIV. P. 50(a) and (b), **State Farm's Renewed Motion for Judgment as a Matter of Law; and Alternative Motion To Alter or Amend the Judgment** [#266] filed October 26, 2012, is **DENIED** to the extent State Farm seeks the entry of judgment as a matter of law;

2. That under FED. R. CIV. P. 59(e), **State Farm's Renewed Motion for Judgment as a Matter of Law; and Alternative Motion To Alter or Amend the Judgment** [#266] filed October 26, 2012, is **GRANTED** in part, to the extent State Farm seeks an amendment of the judgment to excise and remove the award of 96,000 dollars in damages based on the jury's finding that State Farm's failure to pay benefits was willful and wanton;

3. That under FED. R. CIV. P. 59(e), **State Farm's Renewed Motion for Judgment as a Matter of Law; and Alternative Motion To Alter or Amend the Judgment** [#266] filed October 26, 2012, otherwise is **DENIED**;

4. That under FED. R. CIV. P. 59(e), the **Plaintiff's Motion To Alter or Amend Final Judgment [Doc #262] under F.R.C.P. 59(e)** [#264] filed October 15, 2012, is **GRANTED** to the extent the plaintiff seeks an award of treble damages under §10-4-708(1.8), C.R.S. (2002), pre-judgment interest, and post-judgment interest in the amounts specified in this order;

5. That an amended judgment **SHALL ENTER** which shall include all of the provisions of the original judgment [#262] with the amendments and additions specified below:

      A.  The figure "$96,000" shown in paragraph B.5. of the original judgment [#262] shall be removed and replaced with "not applicable";

      B.  A new paragraph D. shall be added and shall read: "Under §10-4-708(1.8), C.R.S. the plaintiff, Roberta Folks, is **AWARDED** an additional 80,000 dollars, to be paid by the defendant, State Farm Mutual Automobile Insurance Company.  This award, combined with the award of 40,000 dollars in damages in paragraph B.2. of this Amended Judgment, satisfies the requirement of §10-4-708(1.8), C.R.S. that the plaintiff be awarded treble damages.";

      C.  A new paragraph E. shall be added and shall read: "Under §10-4-708(1.8), C.R.S. the plaintiff, Roberta Folks, is **AWARDED** 23,769.86 dollars in pre-judgment interest, to be paid by the defendant, State Farm Mutual Automobile Insurance Company.";

      D.  A new paragraph F. shall be added and shall read: "Under §5-12-102, C.R.S., the plaintiff, Roberta Folks, is **AWARDED** post-judgment interest on the full amount of this judgment at eight percent per annum, compounded annually, accruing from October 1, 2012, until the judgment is paid."; and

      E.  A new paragraph G. shall be added and shall read: "The plaintiff is **AWARDED** her costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.  The deadline for the filing of a bill of costs shall begin to run on the date this Amended Judgment is entered on the record."; and

      6.  That otherwise, the **Plaintiff's Motion To Alter or Amend Final Judgment [Doc #262] under F.R.C.P. 59(e)** [#264] filed October 15, 2012, is **DENIED**.

Dated September 23, 2013, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge