**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 04-cv-00243-REB-BNB

ROBERTA FOLKS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

## ORDER CONCERNING MOTION FOR ATTORNEY FEES

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion for Attorney** Fees [#280][1] filed October 8, 2013. The defendant filed a response [#300], and the plaintiff filed a reply [#306]. I grant the motion in part and deny it in part.

### I. BACKGROUND

On April 4, 1998, the plaintiff, Roberta Folks, was a pedestrian standing in a parking lot when she was struck by the left side mirror of a 1997 Plymouth Neon driven by Charles McCune. Ms. Folks was injured in the accident. Mr. McCune was insured under a policy issued by the defendant, State Farm Mutual Automobile Insurance Company (State Farm). The policy is controlled by the Colorado Auto Accident Reparations Act, part 7 of article 4 of title 10, C.R.S. (CAARA), repealed by §10-4-726,

---

[1] "[#280]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

C.R.S. (2002), effective July 1, 2003.[2]

At the time of the accident, the CAARA required insurers to provide a minimum level of benefits known as personal injury protection or PIP benefits. Basic PIP benefits are defined in §10-4-706, C.R.S. After the accident, State Farm promptly paid to Ms. Folks the basic PIP benefits that were due to her under the policy. Thus, basic PIP benefits are not at issue in this case. Ms. Folks claimed in this case that she is entitled also to additional PIP benefits known as APIP benefits. At the relevant times, §10-4-710, C.R.S., required insurance companies to offer optional APIP benefits with each auto insurance policy. Policy purchasers could opt to purchase APIP coverage and to pay an additional premium for that coverage.

In the course of this case, the State Farm policy was reformed judicially to provide APIP coverage to Ms. Folks. Addressing the claim of Ms. Folks that she is entitled to but was denied APIP benefits under the State Farm policy purchased by Mr. McCune, the jury found in favor of Ms. Folks on her breach of contract claim, her common law bad faith breach of insurance contract claim, and her statutory bad faith breach of insurance contract claim, and awarded damages. In essence, the jury found that State Farm failed to pay APIP benefits when due. According to Ms. Folks, this finding entitles her to a mandatory award of attorney fees under §10-4-708, C.R.S.

## II.  APPLICABILITY §10-4-708, C.R.S. (2002)

Section 10-4-708(1.7)(c) provides for an award of attorney fees to an insured who recovers benefits under the statute. Ms. Folks seeks an award of attorney fees under this statute. State Farm argues that the provisions of §10-4-708 are not

---

[2] When citing the provisions of the CAARA in this order, I do not note with each citation that those provisions were repealed by §10-4-726, C.R.S. (2002).

applicable to a case, like this case, in which only APIP benefits are recovered because §10-4-708 does not mention the statute that defines APIP benefits and does not mention APIP benefits in any other way.

In an earlier case involving only APIP benefits, I held that the attorney fees provisions of §10-4-708 are not applicable to a claim solely for APIP benefits under §10-4-710.  ***Fincher ex rel. Fincher v. Prudential Prop. & Cas. Ins. Co.***, No. 00-cv-02098-REB-MJW, 2008 WL 901534, *2 (D. Colo. Mar. 31, 2008), aff'd, 374 F. App'x 833 (10th Cir. 2010).  Addressing ***Fincher*** on appeal, the United States Court of Appeals for the Tenth Circuit expressed significant doubt about my holding that §10-4-708 is not applicable to a claim solely for APIP benefits under §10-4-710.

> Fincher is correct that the Colorado Court of Appeals has applied provisions in CAARA which explicitly refer only to basic PIP benefits under § 10-4-706 to APIP benefits under § 10-4-710 as well. ***See Brennan*** [***v. Farmers Mutual Insurance Co.***] , 961 P.2d [550] at 553 - 54 [(Colo. App. 1998)]; ***see also Zahner v. Am. Family Mut. Ins. Co.***, 179 P.3d 98, 102 - 03 (Colo. Ct. App. 2007); ***DiCocco v. Nat'l Gen. Ins. Co.***, 140 P.3d 314, 318 - 19 (Colo. Ct. App. 2006). Given these cases, we are hesitant to predict whether the Colorado Supreme Court would adopt the analysis of the district court here.

***Fincher ex rel. Fincher v. Prudential Prop. & Cas. Ins. Co.***, 374 F. App'x 833, 845-46 (10th Cir. 2010).

Ms. Folks notes also that on the issue of treble damages, State Farm has conceded that §10-4-708 is applicable in this case.  Addressing the motion [#264] of Ms. Folks to amend the judgment to provide for treble damages, State Farm conceded that, under §10-4-708, Ms. Folks was entitled to trebling of any amount awarded for unpaid APIP benefits.  *Response* [#268], pp. 8 - 9.  Nothing in the statute would make its provisions applicable for the purpose of treble damages but not for the purpose of an award of attorney fees.  An **Amended Final Judgment** [#279] was entered awarding

treble damages to Ms. Folks under §10-4-708.

Given the law cited by the Tenth Circuit in *Fincher*, and considering the concession of State Farm that §10-4-708 is applicable to this case, I conclude that §10-4-708 is applicable to this case and that Ms. Folks is entitled to an award of attorney fees under that statute.

### III. REASONABLE ATTORNEY FEES

Ms. Folks seeks an award of attorney fees of just over 600,000 dollars, based on calculation of a lodestar fee amount derived by calculating the number of hours billed at specified hourly rates. *Motion* [#280], p. 15. The fee agreement between Ms. Folks and her attorneys does not provide that she will pay an hourly rate for legal services, and there is no indication that Ms. Folks has paid her attorneys at an hourly rate. Rather, her fee agreement is a contingent fee agreement. The agreement provides:

> Client agrees to pay over to Attorney (including any associated counsel) as full and total compensation for fees an amount equal to forty percent (40%) of the gross amount recovered before or during trial and fifty percent (50%) of the gross amount recovered on appeal after trial;
>
> \* \* \* \*
>
> "GROSS AMOUNT RECOVERED" MEANS THE AMOUNT COLLECTED BEFORE ANY SUBTRACTION OF EXPENSES AND DISBURSEMENTS, AND INCLUDES SPECIFICALLY AWARDED ATTORNEYS' FEES AND COSTS, SANCTIONS, AND/OR ANY OTHER AMOUNTS AWARDED TO THE CLIENT.

*Contingent Fee Agreement* [#310] (capitalization in original).[3]

This case included an appeal to the Tenth Circuit after the court granted the

---

[3] Consistent with the order [#309] of the court, the plaintiff filed a copy of her fee agreement under Level 2 Restriction, which restricts access to the filing party and the court. Resisting the motion of the defendant to provide a copy of the fee agreement, the plaintiff claimed the contents of the "fee agreement are proprietary" and the relevant terms already are known to the defendant. *Reply* [#305], p. 3. I find that all of the relevant terms of the fee agreement are not stated clearly elsewhere in the record and, in the context of the motion for attorney fees, the defendant is entitled to review those terms. Thus, I quote in this order the relevant paragraph of the fee agreement but do not reveal other terms of the agreement not relevant to the issue of attorney fees.

motion for summary judgment of the defendant. *Order granting summary judgment* [#102] filed June 30, 2005. The Tenth Circuit reversed, remanded the case, and the case proceeded to trial and judgment. *Tenth Circuit order and judgment* [#119] filed October 15, 2007; *Amended Final Judgment* [#279] filed September 24, 2013. Ms. Folks has filed an appeal of the **Amended Final Judgment** [#279].

Currently, the amount recovered by Ms. Folks is an amount recovered during trial. At this point in time, Ms. Folks has not recovered any amount "on appeal after trial." *Contingent Fee Agreement* [#310]. Under the terms of the Contingent Fee Agreement, Ms. Folks must pay as attorney fees "forty percent (40%) of the gross amount recovered before or during trial . . . ." *Contingent Fee Agreement* [#310]. The agreement defines the term gross amount recovered to include both damages awarded and attorney fees awarded.

State Farm notes that under §10-4-708 (1.7)(c)(III), the court may not enter an award of attorney fees "which is in excess of actual reasonable attorney fees." In ***Brody v. State Farm Mutual Automobile Insurance Co.***, the court examined a situation similar to that of Ms. Folks. 194 P.3d 459 (Colo. App. 2008). Ms. Brody had a contingent fee agreement with her attorneys and she sought to recover attorney fees under §10-4-708. The ***Brody*** court held that an attorney fee award under §10-4-708 may not award fees in excess of the fees actually incurred by the plaintiff. "(B)y its plain language, the statute limits the previous discretion of the trial court in awarding reasonable attorney fees and now mandates that the court shall in no event award fees in excess of the insured's 'actual' -- that is, 'existing in fact' – reasonable attorney fees." 194 P.3d at 461. Ms. Folks may not recover attorney fees in excess of the amount she is obligated to pay under the terms of her attorney fee agreement.

5

In the **Amended Final Judgment** [#279], Ms. Folks was awarded (1) 40,000 dollars in unpaid APIP benefits; (2) 80,000 dollars under the treble damages provision of §10-4-708; and (3) 23,769.86 dollars in pre-judgment interest. The total award is 143,769.86 dollars. In addition, costs of 5,416.11dollars were taxed in favor of Ms. Folks. **Bill of Costs** [#282]. The total award is 149,185.97 dollars.

Under the fee agreement, the attorneys for Ms. Folks are entitled to 40 percent of this amount, or 59,674.39 dollars, as attorney fees. In addition, the attorneys for Ms. Folks are entitled to 40 percent of this attorney fee award, or 23,869.75 dollars. This results in a total actual fee due under the terms of the fee agreement of 83,544.14 dollars.

Through her counsel, Ms. Folks argues that her fee agreement requires use of an essentially endless repetition of the calculation shown in the above paragraph until the attorney fee award is equal to the amount of damages awarded. *Reply* [#306], pp. 5 - 6. She proposes use of a limit equation to calculate attorney fees under the agreement. *Id.*, p. 5, n. 1. I do not agree that an endlessly repeating calculation is necessary under the terms of the fee agreement. Even if such a calculation were required, I am doubtful that such a scheme would be deemed to be reasonable, particularly when the intended result is a contingency fee of 100 percent of the amount recovered. In addition, I disagree with the contention of counsel for Ms. Folks that "the fees that she owes to counsel cannot be calculated until a fee award is made." *Reply* [#306], p. 3. The fee agreement cannot reasonably be read to require an endless spiral of calculation, with the ultimate goal of making the attorney fee due equal to the damages awarded.

Under 10-4-708(1.7(c)(I), the "award of attorney fees to the insured shall be in

6

direct proportion to the degree by which the insured was successful in the proceeding." Here, the parties agree that Ms. Folks was 92 percent successful. *Motion* [#280], ¶ 6, 14; *Response* [#300], p. 8. Thus, Ms. Folks is entitled to an award of 92 percent of the total fee due, 83,544.14 dollars. Ninety-two percent of 83,544.14 dollars equals 76,860.61 dollars.

The reasonableness of a contingency fee must be measured in relationship to a lodestar calculation based on a reasonable number of hours billed at reasonable hourly rates. A reasonable contingent fee may be greater than what an hourly fee lawyer of similar qualifications would receive for the same representation because a contingent-fee lawyer bears the risk of receiving no pay if the client loses. A contingent fee lawyer is entitled to compensation for bearing that risk. **Berra v. Springer & Steinberg, P.C.**, 251 P.3d 567, 571 (Colo. App. 2010), as modified on denial of reh'g (Sept. 23, 2010). However, the risk of a contingent fee agreement can flow in the other direction. When the client is successful, but the monetary award is limited, a contingent fee agreement can result in a fee for counsel that is small, when compared to the amount of work done by counsel. That is the case here. Billed at 250 dollars per hour, a more than reasonable rate for counsel of the caliber of counsel for Ms. Folks, an attorney fee award of 76,860.61 dollars accounts for about 307 hours of attorney time. Without question, counsel for Ms. Folks reasonably spent far in excess of 307 hours on this case. Thus, compared to a lodestar calculation, the contingent fee at issue here is well within reason.

### IV. CONCLUSION & ORDERS

The attorney fees provision of §10-4-708 is applicable in this case. Under that statute, I may award no more than the actual reasonable attorney fees incurred by Ms.

Folks. Under her fee agreement with her counsel, Ms. Folks is obligated to pay her counsel a fee of 83,544.14 dollars. Under §10-4-708(1.7)(c)(I), Ms. Folks is entitled to an award of 92 percent of that amount, or 76,860.61 dollars. Given the circumstances of this case, 76,860.61 dollars is a reasonable attorney fee which may be awarded under §10-4-708.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion for Attorney** Fees [#280] filed October 8, 2013, is **GRANTED** insofar as consistent with the foregoing findings and conclusions and the following orders;

2. That under §10-4-708, C.R.S. (2002), the plaintiff, Roberta Folks, is **AWARDED** attorney fees in the mount of 76,860.61 dollars;

3. That the defendant, State Farm Mutual Automobile Insurance Company, an Illinois corporation, shall pay that amount to the plaintiff, Roberta Folks, on or before October 29, 2014; and

4. That otherwise, the **Plaintiff's Motion for Attorney** Fees [#280] filed October 8, 2013, is **DENIED**.

Dated September 30, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge